IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v. CRIMINAL CASE NO. 1:25-CR-62-SA-8

VARRICK DAVIS DEFENDANT

ORDER

Now before the Court is Davis' Motion to Exclude Untimely Discovery [308]. In the Motion [308], he seeks exclusion of 22 documents that were first disclosed to him on August 15, 2026—16 days before trial.

To fully address this issue, the Court must provide some context as to the procedural posture.

Davis filed three evidentiary Motions [279, 280, 281] in the early morning hours of August 4, 2026. The Government filed its respective Responses [304, 305, 306] on August 15, 2026. In preparing those filings, counsel for the Government apparently realized that certain discoverable documentation had not been produced in discovery. In particular, counsel for the Government explained that in preparing the Responses [304, 305, 306], he "realized that he had not received two electronic folders containing a total of twenty-two files from the law enforcement agency in this case." [316] at p. 2. He represents to the Court that he immediately contacted the agency, obtained the documents, and disclosed them to defense counsel. As to the nature of the documents, the Government described them this way:

> Seven of the files consist of Excel spreadsheets that were received from T-Mobile business records that list the subscriber, date of account activation, the billing address, handset information, and other billing information. The other spreadsheets in this document consist of information related to the towers in both GPS and street address format, the sector of the tower that the phone was connected to, toll information as to when a call was made and if it was

> completed or not. The other documents are maps and plots using those spreadsheet documents that show the towers that the defendant's phone was connected to on March 15, 2025. This was a date on which agents believed there was a drug transaction between Davis and Larry Jones based on the Title III intercepts of calls on Jones' phone and the observations of the meeting between Jones and Davis.

*Id*. at p. 2-3.

The late disclosure spawned the present Motion [308]. Davis contends that the Government's failure to timely disclose the documentation has hamstrung his ability to prepare an adequate defense. The Government agrees that the documentation is discoverable but contends that because it has now been disclosed, Davis would not be unfairly prejudiced by the admission of the documentation at trial. In other words, the Government concedes that a discovery violation occurred but argues that it has now been cured.

The Court convened a hearing on the Motion [308] on August 26, 2026. During that hearing, the Court heard extensive arguments from both sides. The Court accepted, for purposes of the hearing only, several documents into evidence. In particular, the Court accepted what were referred to as Court Exhibits 1-16.

Court Exhibit 15 is a compilation of cell site location data for cell phone number 228-407-4272, which is the number the Government contends is (or was during the relevant time period) Davis' cell phone number. The compilation pertains to March 15, 2025—a critical date on which the Government asserts that Davis traveled from south Mississippi to Lowndes County, Mississippi to engage in a drug transaction. Court Exhibits 1-14 consist of maps placing Davis at various points between south Mississippi and Lowndes County based on the information contained in Court Exhibit 15. At the hearing, the Government explained that Court Exhibits 1-14 were created by the case agent, who would testify about his process in creating them at trial.

Court Exhibits 1-15 are essentially one of two separate sets of data.

The second set of data contains records obtained from T-Mobile via a subpoena. There are multiple documents contained within it. Court Exhibit 16 is only a very small portion of the toll information associated with the 228-407-4272 phone number, but the Exhibit was admitted as essentially a demonstrative exhibit. Also within this second set of data is subscriber information. Government's Exhibit 10 is a subscriber information document that lists Davis' name as being the subscriber for the 228-407-4272 phone number with an effective date of December 19, 2024.

Both sets of data were produced to Davis' counsel for the first time on August 15, 2026. The separate sets of data were produced as two separate emails from the Government to Davis' counsel on that date.

With that overarching background in mind, the Court turns to the applicable law. The Court maintains broad discretion in determining an appropriate sanction for a discovery violation. *See United States v. Garrett*, 238 F.3d 293, 297-98 (5th Cir. 2000) (citing *United States v. Katz*, 178 F.3d 368, 372 (5th Cir. 1999)). The Fifth Circuit has explained that, in exercising this discretion, district courts should consider four factors: "1) the reasons why disclosure was not made; 2) the amount of prejudice to the opposing party; 3) the feasibility of curing such prejudice with a continuance of the trial; and 4) any other relevant circumstances." *Id*. at 298 (citations omitted).

The Court will consider the relevant factors in turn—beginning with why the disclosure was not made earlier. The Government emphasizes the sheer volume of discovery in this case, specifically representing to the Court that "discovery for all defendants is estimated to have totaled more than 170 gigabytes of data composed of more than 39,000 files, in more than 550 electronic folders." [316] at p. 1. As noted previously, counsel states that "[w]hile responding to [Davis'] motions on August 15, [he] realized that he had not received two electronic folders containing a

total of twenty-two files from the law enforcement agency in this case. The agency was contacted, the twenty-two documents were obtained, and the information was immediately sent to defense counsel via email." *Id*. at p. 2. Thus, while admitting the fact that the documentation was not timely disclosed, counsel emphasizes that, upon becoming aware of the same, he immediately took action to rectify the failure.

Concerning the fact that the documentation was in the possession of an agency, the District Court for the Western District of Texas has relevantly recently held that "materials in the possession of federal agencies that contribute to the investigation of the case are considered within the Government's possession under Rule 16." *United States v. Alonzo-Lopez*, 756 F. Supp. 3d 399, 403 (W.D. Tex. 2024) (citing *United States v. de Leon*, 627 F. Supp. 3d 682, 688 (W.D. Tex. 2022)) (additional citation omitted). Thus, despite the fact that the documentation may have been in the possession of an agency, the Court nonetheless construes the same as having been within the Government's possession for purposes of Rule 16—the fact that it was apparently not provided to the United States Attorney's Office does not change the calculus.

By operation of the Scheduling Order [172] entered in this case on October 1, 2025, all discovery, including the documentation at issue here, was due October 15, 2025. It was not disclosed until ten months later and, in reality, was only disclosed at that time because Davis filed other evidentiary motions to which the Government needed to respond. The Court is dissatisfied with the Government's failure to disclose this information sooner.

The second consideration is prejudice to the defendant. *Garrett*, 238 F.3d at 298. The parties present divergent perspectives on this point. For its part, the Government contends that any prejudice Davis suffered as a result of the late disclosure is minimal. It points out that "[t]he affidavits provided in discovery to the defendant in the fall of 2025 clearly reference that there was

subscriber information obtained by law enforcement in support of their investigation into the defendant. The defendant was aware that this information existed and that it showed the subscriber was the defendant. The government would submit that the very information that he seeks to exclude, he was aware of in filing his motions, and had access to the substance of the information, from the date he received discovery." [316] at p. 4-5. Davis presents a different view, alleging that "[b]ecause these records potentially allow the Government to place [his] cellular telephone at particular locations relevant to the charged conspiracy, their production approximately two weeks before trial substantially prejudices [his] ability to investigate the records, independently analyze the data, determine their accuracy and technological limitations, retain or consult an expert if necessary, prepare cross-examination, and determine whether additional motions challenging the evidence are required." [308] at p. 2-3.

The Fifth Circuit has made clear that the type of prejudice at issue regarding this factor is "prejudice to [the defendant's] *substantial rights*, that is, injury to their right to a fair trial, and that prejudice does not encompass putting trial preparation into minor disarray." *Garrett*, 238 F.3d at 299 (citing *United States v. Webster*, 162 F.3d 308, 336 (5th Cir. 1998)) (emphasis in original).

All of the documents at issue carry some prejudicial value, albeit to varying degrees. But the question before the Court at this time is whether the late disclosure of them is so prejudicial as to impact Davis' substantial rights. In engaging in that analysis, the Court finds it appropriate to distinguish between the two sets of data at issue.

The late disclosure of the T-Mobile records (which again consist of subscriber information and toll information as to the phone number the Government contends is attributable to Davis) does not prejudice Davis to the extent that he cannot obtain a fair trial. At the hearing, the Government advised the Court that the documents were obtained via a subpoena from T-Mobile

and that a records custodian will authenticate them at trial. Preparing a defense as to those business records may impact Davis' trial preparation to some extent—but no more than placing it into minor disarray. Had Davis had those documents in hand ten months ago, there is only so much he can do in addressing them at trial.

On the other hand, the Court views the cell site location data documents differently. As the Court pointed out during the hearing, those documents are extremely prejudicial to Davis as they essentially map him traveling from south Mississippi to Lowndes County on the date that the Government contends he engaged in a drug transaction. Due to the late disclosure of the documents, Davis has not been able to retain or consult a cellular location expert to review the maps for accuracy, explore the software that was utilized to create Court Exhibit 15, or analyze or investigate any discrepancies between Court Exhibits 1-14 and Court Exhibit 15.

Unlike the T-Mobile records, the introduction of the cell site location data documents would do more than place Davis' trial preparation into minor disarray. It would essentially cause Davis to reconsider his entire trial strategy and be subjected to the introduction of documents that his counsel has been unable to analyze and verify—all because of the Government's failure to timely disclose the documentation. Admission of this evidence would, in this Court's view, impact Davis' right to a fair trial.

The third factor is the potential to cure the prejudice by a trial continuance. *Garrett*, 238 F.3d at 298. Here, Davis has not requested a continuance of the trial date. In fact, he has made clear in his filings that he is *not* making such a request. *See* [320] at p. 10 ("But Defendant does not seek a continuance."). His counsel reiterated that position at the hearing. On the other hand, the Government contends that a continuance should be granted as opposed to exclusion of the evidence.

Although a continuance could cure the prejudice in some respects, the Court notes that this case has previously been continued five times. Davis has been in custody on this charge since August 7, 2025. *See* [66]. Notably, in its most recent Order Granting Continuance [275] entered on July 29, 2026, the Court specifically advised the parties that "it does not anticipate granting any further continuances of the trial date." [275] at p. 2. To now continue this case because the Government failed to disclose documents that were within its possession all along is not appropriate.

The final factor allows consideration of "any other relevant circumstances." *Garrett*, 238 F.3d at 298. On this point, the Court reiterates the manner in which this issue arose. Davis' counsel filed various pretrial Motions [279, 280, 281] on August 4, 2026. Davis' filings sought to exclude certain categories of evidence in connection with his trial strategy based on the documents that had been produced *at that time*. In responding to those filings, the Government became aware of the nondisclosure of the subject documentation. Had Davis not filed the other pretrial Motions [279, 280, 281], it is unknown when the relevant documentation would have been disclosed to him. This reality weighs heavily on the Court.

Ultimately, the Court finds it appropriate to exclude some—but not all—of the subject documentation. The T-Mobile records (including the subscriber information and toll information) will not be excluded. Although those documents are prejudicial to Davis, his determination as to how to defend against them will only cause minor disarray in trial preparation. Conversely, the Court will exclude the cell site location information. This consists of Court Exhibits 1-15 from the pretrial hearing, as well as the video of the map which was disclosed to Davis as part of the same email. Admission of these documents after the same were disclosed only 16 days prior to trial

would go far beyond placing Davis' trial preparation into minor disarray—it would prejudice his substantial rights.

The Motion to Exclude [308] is GRANTED IN PART and DENIED IN PART. The case will proceed to trial as scheduled on August 31, 2026.

The Court's intent in issuing this ruling is to preclude any reference to cell site location information from either side at trial. With that being said, the parties have much more knowledge at this time as to whether other documents which were timely disclosed refer to such information. At trial, the parties should advise the Court before seeking introduction any document that refers to cell site location information or making any reference to the same in front of the jury. The parties shall instruct all witnesses they intend to call at trial about this ruling.

SO ORDERED, this the 27th day of August, 2026

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE